BYRNES, Judge.
Franklin D. Frazier appeals from his conviction for distributing cocaine in violation of R.S. 40:967, for which he was sentenced to fifteen years at hard labor. We affirm.
STATEMENTS OF THE FACTS:
In the summer of 1989, New Orleans Police Officers Bruce Harrison and Robert Bardy were conducting an undercover narcotics investigation. They were assisted by Jose Torres, a police recruit. Torres, who was undercover, made purchases of drugs. On August 23, at approximately 3:10 p.m., Torres was driving near the intersection of Annunciation and Washington Avenue when he saw Frazier wave to him. Torres pulled over and spoke with Frazier. Harrison and Bardy were parked nearby, and they could hear Torres speak to Frazier through audio equipment in Torres’ car. The conversation was recorded. Torres also used the equipment to give Harrison and Bardy a description of Frazier.
Frazier asked Torres if he were “looking,” and Torres said that he was looking for a “twenty”, meaning twenty dollars worth of drugs. Frazier stepped away from the car, and Torres gave a description of him to the other officers. Frazier returned and asked for money, but Torres refused to provide it, saying that he did not want to get ripped off. Frazier told Torres that it was “legal”, and Torres got out of his car and walked with Frazier to the 600 block of Washington.
Frazier met with another man later identified as Tony Alford. Torres gave twenty dollars to Frazier who in turn got four pieces of crack cocaine from Alford. Frazier told Torres he wanted a piece of crack, and Torres told him to take one which he did. Torres and Frazier walked back to Torres’ car, and Torres got in his car and told Harrison and Bardy that he had the drugs.
After he drove off, Torres gave another description of Frazier and description of Alford to Harrison and Bardy. Harrison and Bardy then drove up and stopped both Alford and Frazier. Harrison and Bardy filled out field interview cards which contained descriptions of the two men. They were later arrested in September.
Frazier was charged by bill of information with distribution of cocaine (La.R.S. 40:967). He pleaded not guilty; and on September 27, 1990, he was tried by a twelve-person jury which found him guilty as charged. On October 5, 1990, Frazier was sentenced to fifteen years at hard labor. The State filed a multiple bill, and on October 15, 1990, Frazier pleaded guilty to the multiple bill. The original sentence was vacated, and the trial court then reimposed the same sentence.

Assignments of Error

In his assignments of error, Frazier contends that the trial court gave an erroneous jury charge and that his trial counsel gave ineffective assistance for failing to object to the erroneous jury charge. He contends that jury charge on reasonable doubt was erroneous based on Cage v. Louisiana, — U.S. -, 111 S.Ct. 328, *421 112 L.Ed.2d 339 (1990) and C.Cr.P. art. 804. He further argues that his trial counsel should have objected to the charge and that the failure to do so constituted ineffective assistance of counsel.
The trial judge charged the jury as follows on reasonable doubt:
A person accused of a crime is presumed by our law to be innocent until each element of that crime has been proven beyond a reasonable doubt. It is the duty of you, the jurors, in considering the evidence and applying that evidence to the law as given to you by the court to give the defendant the benefit of every reasonable doubt arising out of the evidence or the lack of evidence in the case. It is the duty of you, the jurors, if not convinced of the guilt of the defendant beyond a reasonable doubt to find him not guilty. The defendant is not required to prove his innocence but may rest upon the presumption of innocence until it is overthrown by positive or affirmative proof presented by the State. The burden, therefore, is upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant as to the crime charged. If you entertain a reasonable doubt as to any fact or element necessary to constitute the guilt of the defendant, then it is your sworn duty to give him the benefit of the doubt and return a verdict of not guilty. While the State must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt. Reasonable doubt is a doubt based on reason and common sense and is present when after you’ve carefully considered all of the evidence you cannot say that you are firmly convinced of the truth of the charge.
No objection to this charge was made by counsel for Frazier. In State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), writ denied 588 So.2d 1110 (La.1991), this Court held that the failure to lodge a contemporaneous objection as required by C.Cr.P. arts. 801 and 841 to a jury charge alleged to be invalid under Cage v. Louisiana, supra, precluded appellate review of the issue. Therefore, the question of whether the charge is erroneous cannot be reviewed.
But Frazier claims that the failure of his counsel to object constituted ineffective assistance of counsel. Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief to be filed initially in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986), writ denied 533 So.2d 10 (La.1988). Nevertheless, in the interest of judicial economy, the court can consider a claim of ineffective assistance if the record on appeal contains sufficient evidence to address the merits of the claim. State v. Seiss, 428 So.2d 444 (La.1983); State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
In the present case, the record is sufficient to make a determination whether Frazier’s trial counsel was ineffective for failing to object. Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that his counsel’s performance was deficient and that the deficient performance prejudiced the defense. Defendant must make both showings before it can be found that his conviction resulted from a breakdown in the adversary process rendering the result unreliable. A claim of ineffective assistance may be disposed of based upon a finding that either one of the two Strickland criteria have not been established. State v. James, 555 So.2d 519 (La.App. 4th Cir.1989), writ denied 559 So.2d 1374 (La.1990). If the claim fails to establish either prong of the Strickland test, the reviewing court need not address the other. State ex rel. Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
There is nothing in the record to show that defense counsel’s performance was deficient in failing to object to the above-quoted jury charge on reasonable doubt. The charge in question has no similarities to the charge found unconstitutional in Cage. It contains none of the terms which led the Supreme Court to conclude that the reasonable doubt charge in Cage *422 overstated the degree of doubt necessary for acquittal. The charge in the present case does not use the terms “grave uncertainty,” “moral certainty,” and “actual substantial doubt” which the court in Cage held would lead a juror to find guilt on a degree of proof below that required by due process. Because this charge was not erroneous under Cage, there is no basis for Frazier’s claim of ineffective assistance of counsel.
Frazier further complains that his counsel was ineffective for not objecting to the reasonable doubt charge because the trial judge did not use the exact language of C.Cr.P. art. 804.
Article 804 provides, in part:
A. In all cases the court shall charge the jury that:
[[Image here]]
(2) It is the duty of the jury, in considering the evidence and in applying the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case; and
(3) It is the duty of the jury if not convinced of the guilt of a defendant beyond a reasonable doubt, to find him not guilty.
The court may, but is not required to, define * * * “reasonable doubt” or give any other or further charge upon the same than that contained in this article.
[[Image here]]
The trial judge used the language of Article 804 in the jury charge; thus, there is no basis for Frazier’s claim of ineffective assistance.
For the foregoing reasons, Frazier’s conviction and sentence are affirmed.
AFFIRMED.