917 So.2d 1081 (2005)
STATE of Louisiana
v.
Christopher KENNER.
No. 2005-KP-1052.
Supreme Court of Louisiana.
December 16, 2005.
PER CURIAM.
Writ granted; the rulings of the courts below are vacated. Because the state makes a substantial showing that relator received the 1988 crime lab report before he entered his guilty plea, this Court remands the case to the district court to reconsider its conclusion that the state's withholding of exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), vitiated the voluntariness of relator's pleas entered under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). See State ex rel. Tassin v. Whitley, 602 So.2d 721, 722 (La.1992)("When there is a factual issue of significance that is sharply contested," court should hold a hearing). In connection with its ruling, the district court should consider whether relator's equal or greater access to his own blood for testing and determining secretor status diminishes the significance of the state's failure, assuming that it occurred, to disclose a 1987 crime lab report prepared in an unrelated case indicating relator's secretor status. See State v. Hobley, 99-3343, p. 25 n. 10 (La.12/8/99), 752 So.2d 771, 786 ("`There is no Brady violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source, because in such cases there is really nothing for the government to disclose.'")(quoting Coe v. Bell, 161 F.3d 320, 344 (6th Cir.1998)); see generally United States v. Newman, 849 F.2d 156, 161 (5th Cir.1988)(government is not obligated to furnish defendant with information he already has or can obtain with reasonable diligence); United States v. *1082 Miranne, 688 F.2d 980, 987 (5th Cir.1982)("Under Brady, the government is not obligated to furnish a defendant with information which he already has.").
TRAYLOR and WEIMER, JJ., concur.
JOHNSON, J., would deny the writ.