989 So.2d 765 (2008)
STATE of Louisiana
v.
Christopher KENNER a/k/a Christopher Shabazz.
No. 2008-KP-1361.
Supreme Court of Louisiana.
August 27, 2008.
PER CURIAM.
The state seeks review of the district court's order granting respondent postconviction relief following remand of this case by this Court to consider whether respondent's "equal or greater access to his own blood for testing and determining secretor status diminishes the significance of the state's failure, assuming that it occurred, to disclose a 1987 crime lab report prepared in an unrelated case indicating [his] secretor status." State v. Kenner, 05-1052, p. 1 (La.12/16/05), 917 So.2d 1081 (citations omitted). On remand of the case, in a ruling affirmed by the court of appeal, State v. Reynolds, 08-0176 (La. App. 4th Cir.6/17/08), ___ So.2d ___, the district court adhered to its view that the prosecution failed to reveal evidence of respondent's secretor status which proved that he was "absolutely innocent" of the offense and further observed that the nondisclosure vitiated the voluntariness of respondent's Alford plea, see North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), because at the time he entered the plea in 1990, "if you go back to the '80's when a whole different mindset existed ... how few people actually knew what their blood type was.... It's a whole different kind of mindset [which] existed in 1988 than exists in 2007."
In support of its argument that the evidence allegedly suppressed by the prosecution was also accessible to respondent, the state has submitted as part of its application to this Court copies of two orders signed by the trial court on motion of respondent's counsel, one at the end of 1988 and the other in early 1989, directing the state to draw a sample of respondent's blood in open court and to send the sample to a laboratory of respondent's choosing for purposes of analysis and DNA testing. The orders are part of the record below and were available to the court in the post-conviction *766 proceedings. The state's application also includes a report that a comparison made by the New Orleans Police Department DNA Laboratory in January, 2008, of DNA found in a forensic sample taken from the victim in the present case with respondent's DNA profile maintained in the State DNA Index System (SDIS), an outgrowth of the national Combined DNA Index System (CODIS) funded by the F.B.I., see La. R.S. 15:605-06; see also La. R.S. 15:609 (collection of DNA samples from all persons arrested or convicted of a felony or other specified offense under Louisiana law); cf. 42 U.S.C. §§ 14135(a)-(e)(collection of DNA samples from all persons convicted of a federal felony or other qualifying offense), resulted in a candidate match and thereby implicates respondent in the crime. The match occurred after the court had granted respondent post-conviction relief for a second time following remand of the case from this Court, and the report was therefore not available to the district court in assessing respondent's post-conviction claims. The results are preliminary in nature and require confirmation through DNA testing of another sample taken from respondent.
Under these circumstances, we deem it appropriate to remand this case once again to the district court to settle the question of whether the evidence of relator's secretor status allegedly suppressed by the state, assuming arguendo that it was not equally available to respondent although the trial court had granted his request and signed two orders for the taking and analyzing of his blood, actually exculpates respondent. The district court is directed to produce respondent in open court for purposes of the taking of a buccal sample from him and to provide for further DNA testing to confirm or discount the results of the preliminary candidate match. The district court shall conduct a hearing and reconsider in light of the retesting and final DNA results whether the state's non-disclosure of respondent's secretor status, assuming that it occurred, led to the suppression of evidence indicating respondent's "absolute innocence," thereby vitiating the voluntariness of his Alford plea and requiring the grant of post-conviction relief. Cf. Lockhart v. Fretwell, 506 U.S. 364. 374. 113 S.Ct. 838, 845, 122 L.Ed.2d 180 (1993) (O'Connor, J., concurring)(a court considering an application for post-conviction relief and making a determination of prejudice "may not consider the effect of an objection it knows to be wholly meritless under current governing law, even if the objection might have been considered meritorious at the time of its omission.").
CALOGERO, C.J., recused.