JOY COSSICH LOBRANO, Judge.
|TOn June 29, 2010, the State filed a bill of information charging the appellant, Lawrence Joseph, with unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. He originally pleaded not guilty, and filed a motion for a preliminary hearing and motions to suppress the evidence, the statement, and the identification. On September 17, 2010, the appellant appeared for the hearing and the motions. He then withdrew his plea of not guilty and pleaded guilty as charged. The State agreed not to file a multiple bill. The appellant was subsequently sentenced to five years at hard labor, to run concurrently with any other sentence and with credit for time served.
On October 26, 2010, the Criminal District Court clerk’s office received the defendant’s pro se “notice of appeal to withdraw plea.” The district court denied the motion/notice following a contradictory hearing on February 4, 2011. In pro se writ 2011-K-0199, the relator sought review of the district court’s judgment denying his motion to withdraw his guilty plea. On April 15, 2011, this Court denied the writ because the relator was granted an appeal on February 28, 2011.
|2No trial or hearing on the motions was held because the appellant pleaded guilty as charged. The facts of the case are not relevant to the denial of his motion to withdraw his guilty plea.
After a review of the record, no errors patent were found.
The appellant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea that was filed after sentencing. The appellant states that the “crux of the ... argument is that his ‘Boykinization’, and the parties thereto, were inattentive, hasty, and irreverent” regarding appellant’s constitutional rights. At the hearing when appellant withdrew his plea of not guilty and entered a plea of guilty, the trial court noted that there were four spots on the guilty plea *1211 form that the appellant had not initialed. The court circled the four empty lines and instructed appellant’s trial court counsel to make sure that the appellant initialed those sections that were not initialed. The four lines of the guilty plea form that were not initialed were next to (1) the statement that the appellant was giving up his right to present witnesses who would testify for him and/or evidence that would be helpful or favorable to him; (2) the sentencing range; (3) the sentence that was part of the plea bargain; and (4) the statement that he understood that there was a thirty-day time limit to appeal the conviction and a two-year time period in which to file an application seeking post-conviction relief.
The appellant takes issue with the trial court’s conclusion seconds later that his guilty plea had been entered knowingly and voluntarily. Counsel points to the above-mentioned lack of initials to argue that the appellant might not have been aware of the maximum sentence possible or of the rights that he was waiving. Appellant’s appellate counsel argues that the trial court erred by allowing the guilty plea to be entered when the form had not been completed; there was one line I..¡without initials when the plea was accepted. Appellant argues that the court later abused its discretion by allowing the plea to stand and denying the appellant’s motion to withdraw his guilty plea. The appellant claims that his public defender pushed him toward a plea bargain despite his desire not to plead guilty. He further claims that the public defender urged a plea deal before a hearing on the motions had been held and before the strength of the State’s case was known.
The record shows that at a hearing held on September 17, 2010, counsel for the appellant declared that the appellant was withdrawing his plea of not guilty and entering a plea of guilty as charged. The trial court told the appellant that before the guilty plea could be accepted, the court had to make sure that the appellant understood the constitutional rights that he was waiving. The court asked the appellant if he understood that by entering the guilty plea he was waiving his right to a trial by judge or by jury, to being presumed innocent until the State could prove him guilty beyond a reasonable doubt, to confront the witnesses testifying against him, to testify or not to testify and not have his decision to remain silent held against him, and the right to appeal a guilty verdict. The court asked if the appellant understood each right, and he answered affirmatively. When the court asked the appellant if he was under the influence of prescription drugs, narcotics, or alcohol, he answered negatively.
The court declared that the appellant faced up to ten years in prison and/or a $5,000 fine as a first offender. The trial court said that the State alleged that the appellant had three prior felony convictions, and the appellant acknowledged having them. The court declared that the State agreed to a five year sentence, and agreed to not filing a multiple bill against him. The court asked if the appellant understood that, and he replied: ‘Yes, ma’am.” The court asked if the appellant l4expected any favorable treatment other than that just discussed, if his attorney had promised anything except what had been discussed, and if he had been forced or coerced into pleading guilty. The appellant answered negatively each time.
The court asked if the appellant understood all the possible legal consequences of pleading guilty and if he wished to plead guilty because he was guilty of the crime, and the appellant answered affirmatively. The court told the appellant that he had thirty days to appeal his conviction and two years to file an application for post- *1212 conviction relief. The court then looked at the form, and the appellant acknowledged his initials were on the guilty plea form. The court noted that the appellant had not initialed four spots; the court circled the four empty lines, and told counsel to have the appellant initial inside those circles. Defense counsel stated that she had gone over the form with the appellant and signed it at the bottom. The appellant said that he understood what counsel had explained to him. The court then found that the appellant had entered his guilty plea knowingly, intelligently, and voluntarily.
On September 27, 2010, the Assistant District Attorney (ADA) informed the court that the appellant had pleaded guilty, and the State had agreed not to file a multiple bill. The trial court sentenced the appellant to five years at hard labor, to run concurrently with credit for time served.
At a contradictory hearing on February 4, 2011, appellant’s counsel (a different attorney than the one who represented appellant at the guilty plea hearing) argued that the appellant “entered into a plea bargain, which he was not certain of what the arrangements were....” When the trial court asked what counsel meant, he replied: “He [the appellant] was not fully informed of his rights and what would happen.” The court declared: “Yes, he was. | .^Attached to this piece of paper [guilty plea form] at the top, Ariel [appellant’s trial counsel] wrote that ‘Lawrence Joseph enters this plea of guilty with the understanding — with understanding, and because the State has agreed not to file a multiple offender bill against him’.” The ADA told the court that he believed the appellant was a triple offender. The court stated that the appellant had the option of going to trial and being triple billed if he were convicted, or pleading guilty and receiving a five year sentence, which was far less than the multiple offender sentence would have been.
Counsel said that he had not yet informed the appellant of what the multiple bill statutes are and what the ramifications of those statutes are.
It doesn’t matter now because he’s [sic] entered a guilty plea. So, if your reason is that he was not fully advised of what his options were, I don’t believe that to be the case because he — the writing of his lawyer is on the top of the plea form, which — I asked him when he pled guilty if he understood that he was entering a guilty plea with the understanding that the State was not going to be filing a multiple offender bill against him. So, I find no reason so far that you’ve stated on the record, to allow him to withdraw his guilty plea.
Counsel said that the appellant had expressed that his trial counsel “didn’t fully explain to him the repercussions of what this plea agreement would have been.” The trial court noted that the appellant had prior felony convictions and he knew what a guilty plea was; the repercussions of the plea are accepting responsibility and being subject to serving jail time. The court stated that the appellant received less jail time (five years) than if he had been multiple billed; the maximum sentence was ten years, and as a third felony offender, he could have been sentenced to twenty years.
Counsel claimed that the appellant was not fully informed by his trial counsel of his possible defenses at trial, any pre-trial motions that he could file, and the elements of and penalties for the crime of unauthorized use of a motor | (¡vehicle. The ADA informed the court that the appellant was a fourth felony offender; the court stated that a fourth felony offender could receive a sentence of twenty years to life *1213 in prison. The court then denied the motion to withdraw the guilty plea.
In State v. Causey, 2010-1466, pp. 8-9 (La.App. 4 Cir. 6/16/11), 67 So.3d 697, 703-704, this Court set out the statutory law and jurisprudence relating to motions to withdraw guilty pleas that are filed after conviction:
La.C.Cr.P. art. 559 provide in pertinent part that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” The Louisiana Supreme Court in State v. Lewis, 421 So.2d 224 (La.1982) considered this issue and held that a trial court may permit the withdrawal of a guilty plea after sentencing when the trial court finds that the guilty plea was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and, therefore, the plea is constitutionally infirm. The withdrawal of a guilty plea is within the discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981).
For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). However, the entry of a knowing and intelligent plea of guilty involves more than an understanding and a waiver of the basic triad of rights. In determining whether the defendant’s plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but may also look at other factors which may have a bearing on the decision. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).
In addition to the basic three rights enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty. State ex rel. Curry v. Guillory, 441 So.2d 204 (La. 1983).
See also State v. Rhea, 2004-0091, pp. 3-4 (La.App. 4 Cir. 5/19/04), 876 So.2d 131, 133-34. There is “no absolute right to withdraw a previously entered plea of [ 7guilty.” State v. Young, 2011-0046, p. 7 (La.App. 4 Cir. 8/17/11), 71 So.3d 565, 570, (iquoting State v. Pichon, 96-0886, p. 2 (La.App. 4 Cir. 11/20/96), 684 So.2d 501, 502).
La. R.S. 14:68.4 provides:
A. Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other’s consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
B. Whoever commits the crime of unauthorized use of a motor vehicle shall be fined not more than five thousand dollars or imprisoned with or without hard labor for not more than ten years or both.
Appellate counsel conceded in his brief that a plea form need not be perfect to effect a valid guilty plea, but the defendant must be made aware of his rights. Counsel focuses on the line next to the maximum sentence that the appellant had not at first initialed; however, the trial court noted the four missed initials by circling the empty spots, and the appellant initialed three of the four lines. The ap *1214 pellant initialed inside the court’s circles next to the statement that the appellant was giving up his right to present witnesses and/or evidence favorable to him, on the line next to the sentencing range (zero to ten years in the Department of Corrections and/or $5,000), and on the line next to the sentence that was part of the plea agreement, five years in the Department of Corrections. He never initialed the fourth empty line next to the statement that he understood that there was a thirty-day time limit to appeal the conviction and a two-year time period in which to file an application seeking post-conviction relief. However, during the Boykin colloquy, the trial court informed the appellant of the time limits for an appeal and for an application for post-conviction relief.
|sThe trial court also asked the appellant if he understood each of the Boykin rights that he was waiving (right to trial by jury, right of confrontation and right against compulsory self-incrimination), and the appellant answered affirmatively. The court noted that as a first offender, the appellant could be sentenced up to ten years in prison and/or a $5,000 fine. The appellant acknowledged that he had three prior felony convictions; therefore, he would be sentenced as a fourth felony offender unless he accepted the plea agreement and received five years at hard labor. He acknowledged that the State agreed not to file a multiple bill and to the imposition of a five-year sentence at hard labor. The appellant indicated that he had not been promised anything beyond the plea bargain, and he had not been forced or coerced into pleading guilty.
The appellant’s argument relating to the guilty plea form is not persuasive; he initialed all but one of the four sections that were blank at the time of the guilty plea hearing, and the section that he never initialed pertained to the time limits for filing an appeal and an application for post-conviction relief. The September 17, 2010, transcript reflects compliance with Boykin requirements. The trial court went through each of the Boykin rights, and the possible maximum sentence the appellant could receive as a first offender and as a fourth felony offender during the colloquy. The appellant had three prior felonies; he had been to court before and understood such proceedings. He agreed to plead guilty in order to receive a five-year sentence at hard labor rather than going to trial and possibly being sentenced as a fourth felony offender to a much longer enhanced sentence.
We find that the trial court did not abuse its discretion by denying the appellant’s motion to withdraw his guilty plea. The appellant’s assignment of error lacks merit.
19For the reasons stated above, we affirm the defendant’s conviction and sentence.
AFFIRMED