ROSEMARY LEDET, Judge.
_jjln this criminal appeal, the appellant, Steven J. Dominick, seeks review of the district court’s denial of his motion to withdraw his guilty plea to multiple offenses— forcible rape, second degree kidnapping, stalking, and extortion. Finding no error on the part of the district court, we affirm his convictions and his sentences for stalking and extortion, but remand to the district court for clarification of his sentences for forcible rape and second degree kidnapping. We also grant Mr. Dominick’s motions to seal.

STATEMENT OF THE CASE

On June 10, 2010, the State indicted Mr. Dominick on the following offenses:
1. four counts of forcible rape of C.P.[1] (counts 1-4) (La. R.S. 14:42.1);
2. two counts of stalking and one count of extortion of J.R. (counts 5-7) (La. R.S. 14:40.2; La. R.S. 14:66);
3. two counts of stalking and one count of extortion, forcible rape, and second degree kidnapping of O.C. (counts 8-12) (La. R.S. 14:40.2; La. R.S. 14:66; La. R.S. 14:42.1; La. R.S. 14:44.1);
4. one count of stalking of M.H. (count 13) (La. R.S. 14:40.2); and
|25. one count of stalking and extortion of D.C. (counts 14-15) (La. R.S. 14:40.2; La. R.S. 14:66).
The indictment indicates that the offenses occurred between May 1, 2006 and May 31, 2010. The indictment was filed in Orleans Parish Criminal District Court under case number 497-512.[2] At his June 17, 2010 arraignment, Mr. Dominick pled not guilty.
*785 On November 19, 2010, the State noticed its intent to use evidence that Mr. Dominick committed eighteen similar offenses against women in Orleans Parish and other jurisdictions — the Prieur evidence.[3] On March 25, 2011, the district court denied Mr. Dominick’s motion to suppress and found the Prieur evidence admissible. Both this court and the Louisiana Supreme Court denied Mr. Dominick’s writ seeking review of the district court’s ruling on the admission of the Prieur evidence. State v. Dominick, 11-0620 (La.App. 4 Cir. 6/20/11) (unpub.); and State v. Dominick, 11-1627 (La.10/7/11), 71 So.3d 324. On March 13, 2012, Mr. Dominick pled guilty to all charges.[4] On June 12, 2012, Mr. Dominick’s trial counsel withdrew; and appellate counsel enrolled as counsel of record.
On July 9, 2012, Mr. Dominick filed, and the district court granted, a “Motion for Defense Expert to Download Text Messages from Defendant’s Cell Phone and That Was Entered into Evidence Pursuant to Arrest” and a “Motion to | .-¡Inspect and Photocopy Legal Documents belonging to Defendant and his Previous Attorney Seized Pursuant to a Search Warrant of Defendant’s Home and Subsequently Entered] into Evidence.” On July 30, 2012, Mr. Dominick filed, and the district court granted, a “Motion to Order Cell Phone Currently Located in the District Attorney’s Evidence Locker Be Mailed to Defense Expert, Wes Attaway.”
On August 8, 2012, Mr. Dominick filed a motion to withdraw the guilty plea. He also requested a hearing on the motion to withdraw the guilty plea. Although the district court denied the motion to withdraw the guilty plea and the request for a hearing, it allowed Mr. Dominick to proffer exhibits in support of the motion. On that same date, the district court sentenced Mr. Dominick to twenty years on each of the five counts of forcible rape; fifteen years on each of the three counts of extortion; twenty years on the one count of second degree kidnapping; and five years on each of the six counts of stalking. The district court ordered the sentences to run concurrently. This appeal followed.[5]

MOTIONS TO SEAL

In connection with his appeal, Mr. Dominick filed a “Motion to Seal Motion to Withdraw Guilty Plea” and a “Motion to Seal Proffered Evidence.” In support of his motions to seal, he cites La. R.S. 46:1844(W)(l)(b), which provides for the confidentiality of the identity of all victims of sex offenses.[6] In his motions, he *786 | ¿states that “[t]he Motion to Withdraw provides the victims[’] names in full,” and that “[t]he evidence proffered provides the victims!’] names in full.” Mr. Dominick’s motions to seal are granted.

STATEMENT OF THE FACTS

Because Mr. Dominick pled guilty and no preliminary hearing was held, the only facts concerning the offenses to which he pled guilty were elicited at the March 25, 2011 hearing on Mr. Dominick’s motion to suppress. At the hearing, Detective James O’Hern of the New Orleans Police Department (“NOPD”) testified that he commenced an investigation of Mr. Dominick in response to a complaint by Paul Bello. According to Detective O’Hern, Mr. Bello’s complaint was that a rapist was extorting a victim’s silence by threatening to expose compromising pictures of her. Detective O’Hern testified that he spoke with the victim, O.C., who confirmed that Mr. Dominick had raped her and was extorting her. She told him that Mr. Dominick was threatening that if she reported the crime to the police, he would expose compromising photographs of her.
Detective O’Hern testified that his investigation also revealed that Mr. Dominick had been arrested thirty-eight times, dating back to 1992, for domestic violence or sexual offenses. After speaking to some of Mr. Dominick’s other Lvictims, Detective O’Hern determined that charges could be brought against Mr. Dominick.
On June 11, 2011, Detective O’Hern obtained and executed a search warrant for Mr. Dominick’s residence — 1937-39 Duels Street — and his vehicle — a 2008 Ford Explorer. The search warrant was for pictures and other information Mr. Dominick possessed that would compromise the victims. The search yielded cameras, photographs, video equipment, computers, video and audio tapes, and surveillance equipment. The seized items were catalogued in NOPD’s Central Evidence and Property Room and forwarded for analysis to the high-tech forensic unit at the Attorney General’s Office. On the same day, the NOPD’s Violent Offender Unit and the United States’ Marshal’s Service arrested Mr. Dominick at his residence.

ERRORS PATENT

A review for errors patent reveals the following four sentencing errors:
1. As to the sentences for forcible rape (La. R.S. 14:42.1), the district court failed to articulate that the sentences were to be served at hard labor with at least two years of the sentences to be served without parole.
2. Although the sentences for stalking convictions (La. R.S. 14:40.2) were required to be served without benefits of parole, probation, or suspension of sentence, the district court failed to deny those benefits.
3. Although the sentences for extortion (La. R.S. 14:66) were required to be served at hard labor, the district court failed to so stipulate.
4. Although the sentence for second degree kidnapping (La. R.S. 14:44.1(0) was required to be served at hard labor with at least two years served without benefit of parole, probation, or suspension of sentence, the district court failed to impose hard labor and failed to deny parole for at least two years of the sentence.
*787 Although the district court failed to stipulate that Mr. Dominick’s sentences for forcible rape and extortion were to be served at hard labor, and failed to deny [^benefits of parole, probation, or suspension of sentence as to the stalking sentences, those restrictions automatically are contained in the sentences whether or not imposed by the sentencing court. La. R.S. 15:301.1(A); State v. Wilson, 09-0304 (La.App. 4 Cir. 2/17/10), 68 So.3d 1031; State v. Hall, 02-1098, pp. 7-8 (La.App. 4 Cir. 3/19/03), 843 So.2d 488, 495 (citing State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790). These errors patent thus are self-correcting. Neither the district court’s failure to deny Mr. Dominick parole for “at least” two years of his sentences for forcible rape, nor its failure to deny benefits of parole, probation, or suspension of sentence for “at least” two years on his second degree kidnapping sentence are self-correcting or correctable on appeal. La. R.S. 15:301.1(A). The “at least” aspect of the governing statutes involves the district court’s sentencing discretion. See State v. Tabor, 07-0058, p. 13 (La.App. 1 Cir. 6/8/07), 965 So.2d 427, 434-35. Accordingly, we remand to the district court for clarification of Mr. Dominick’s forcible rape sentences and his second degree kidnapping sentence.
DISCUSSION

Assignment of Error Number One

Mr. Dominick’s first assignment of error is that the district court abused its discretion in denying his motion to withdraw the guilty plea. He maintains the plea was not knowingly, intelligently and voluntarily made because he pled under the false pretense that he was pleading to an open-ended sentence to be determined after a full sentencing hearing. He further contends that the district court abused its discretion by refusing to grant a hearing on the motion “despite the overwhelming evidence proffered prior to sentencing proving [his] actual innocence.”
17Summarizing the statutory law and jurisprudence regarding motions to -withdraw guilty pleas, this court in State v. Joseph, 11-0689, pp. 6-7 (La.App. 4 Cir. 6/13/12), 95 So.3d 1209, 1213, stated:
La.C.Cr.P. art. 559 provides in pertinent part that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” The Louisiana Supreme Court in State v. Lewis, 421 So.2d 224 (La.1982) considered this issue and held that a trial court may permit the withdrawal of a guilty plea after sentencing when the district court finds that the guilty plea was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and, therefore, the plea is constitutionally infirm. The withdrawal of a guilty plea is within the discretion of the district court, and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Johnson, 406 So.2d 569 (La.1981).
For a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). However, the entry of a knowing and intelligent plea of guilty involves more than an understanding and a waiver of the basic triad of rights. In determining whether the defendant’s plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but may also look at other factors which may have a bearing on the decision. *788 State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982).”
Id. (quoting State v. Causey, 10-1466, pp. 8-9 (La.App. 4 Cir. 6/16/11), 67 So.3d 697, 703-04, and citing State v. Rhea, 04-0091, pp. 3-4 (La.App. 4 Cir. 5/19/04), 876 So.2d 131, 133-34).
A defendant does not have an “absolute right” to withdraw a guilty plea. Joseph, supra (citing State v. Young, 11-0046, p. 7 (La.App. 4 Cir. 8/17/11), 71 So.3d 565, 570 (quoting State v. Pichon, 96-0886, p. 2 (La.App. 4 Cir. 11/20/96), 684 So.2d 501, 502)). A defendant’s “mere change of heart or mind ... whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea.” State v. Kron, 07-1024, p. 6 (La.App. 5 Cir. 3/25/08), 983 So.2d 117, 120 (citing State v. Green, 03-410 (La.App. 5 Cir. 10/28/03), 860 So.2d 237). Rather, “[without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel.” Id.
In this case, when he pled guilty on March 13, 2012, Mr. Dominick was represented by counsel. The district court asked Mr. Dominick if he understood that by entering the guilty plea he was waiving the following rights: to a trial by judge or by jury, to being presumed innocent until the State could prove him guilty beyond a reasonable doubt, to confront the witnesses testifying against him, to testify or not to testify, to not have his decision to remain silent held against him, and to appeal a guilty verdict. Mr. Dominick answered that he understood the rights he was waiving and that he had no questions. Furthermore, the district court explained the maximum sentences that Mr. Dominick could receive for the offenses. When asked if anyone had forced, threatened, or coerced him into pleading guilty, Mr. Dominick answered negatively. When asked if he was satisfied with his attorney, he answered affirmatively. Moreover, Mr. Dominick admitted to the district court that he entered the pleas because he was guilty of the crimes. Hence, the transcript of the plea hearing establishes that the Boykin requirements were satisfied.
Mr. Dominick’s contention that his guilty pleas were not knowingly and voluntarily entered is belied by the record. The “Waiver of Constitutional Rights/Plea of Guilty Form,” dated March 13, 2012, enumerates the umbrella of rights Mr. Dominick was waiving by pleading guilty. It sets forth the offenses to which Mr. Dominick was pleading guilty and the possible sentences for each offense. The form indicates that Mr. Dominick admitted his plea of guilty was |nvoluntary and that it was entered into because he was guilty of the crimes charged. Mr. Dominick signed and initialed the form in all of the appropriate places. Mr. Dominick’s attorney also signed the form. The district court judge likewise signed the form, indicating the court’s acceptance of the guilty plea as having been knowingly, intelligently, freely, and voluntarily made by Mr. Dominick.
The record further reflects that Mr. Dominick is well-educated; he holds a bachelor’s degree in urban planning. He was employed as a city planner in the Office of Recovery and Development Administration following Hurricane Katrina, and he taught classes on history and city planning.
The record still further reflects that Mr. Dominick knowingly and voluntarily pled guilty without any promises regarding his possible sentence. Moreover, he received additional consideration as a result of the district court’s order that his sentences run concurrently. If the district court had ordered that Mr. Dominick’s sentences run consecutively, his sentences would have exceeded one hundred fifty years.
*789 As noted, Mr. Dominick contends that the district court abused its discretion in denying a hearing on the motion to withdraw in spite of the evidence of his actual innocence. The issue of Mr. Dominick’s actual innocence, however, was foreclosed by his guilty plea. Nonetheless, the district court allowed Mr. Dominick to proffer documentary evidence in support of the motion to withdraw the plea. Among the documents he proffered were affidavits from Mr. Dominick and his sister and copies of emails and messages' from social networking websites between Mr. Dominick and some of the victims.
|inBefore ruling on the motion to withdraw, the district court judge read victim impact statements and letters from interested parties. The district court then called Mr. Dominick to the podium and stated:
BY THE COURT:
And let me just state for the record that some of the parties are asking for sentences that are not in conjunction with the agreement that we made with the victims in this case. And, Mr. Dominick, at this time I am going to enforce the plea agreement, although it was not made in consideration for your testimony in another case, but prior to you going to trial with the attorneys that you had at this time and with the State. With the consideration of the victims and their input, sir, I agreed that if you pled guilty prior to trial, that I would sentence you to twenty years in the Department of Corrections in case number 497-512 ... And, Mr. Dominick, I am going to enforce that agreement that we made. And so, at this time if you are ready for sentencing, [defense counsel]?
Defense counsel answered in the affirmative.
Mr. Dominick waived the right to appeal the merits of his case when he pled guilty. The district court explained the procedural posture of Mr. Dominick’s case when defense counsel moved for the instant appeal:
BY THE COURT:
I don’t [know] what you are appealing, if you’re appealing the sentence, because he’s waived his right to appeal.
DEFENSE COUNSEL:
I’m appealing the denial of the motion to withdraw guilty plea based on newly-discovered evidence and based on ineffective assistance of counsel.
BY THE COURT:
... [L]et me make sure you understand, that this is clear. When he pled guilty, he waived any right to appeal. Now, I understand what you’re saying [defense counsel], but I’ll give you a return date as to your wanting to appeal me denying your motion to withdraw the guilty plea. However, he doesn’t have any appeal on the merits of the case, because he waived the right to an appeal when he pled guilty. So I just want to make sure you’re | n clear. He has post-conviction rights, but he does not have any appellate rights.
Considering the forgoing, we find no abuse of discretion in the district court’s ruling denying Mr. Dominick’s motion to withdraw his guilty plea and his request for a hearing on that motion. This assignment of error lacks merit.

Assignment of Error Number Two

Mr. Dominick’s second assignment of error is that he was denied effective assistance of counsel. Particularly, he contends that his previous counsel was ineffective in failing to investigate the case and in providing misinformation concerning prison programs and sex offender reg *790 istration.[7]
To succeed on an ineffective assistance of counsel claim, a defendant must establish two criteria: (i) that his trial counsel’s performance was deficient and (ii) that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984); State v. Robinson, 11-0066, pp. 11-12 (La.App. 4 Cir. 12/7/11), 81 So.3d 90, 96-97. A claim of ineffective assistance may be disposed of based upon a finding that either of the two Strickland criteria have not been established. State v. James, 555 So.2d 519, 524 (La.App. 4th Cir.1989); State v. Frazier, 599 So.2d 419, 421 (La.App. 4th Cir.1992). Generally, a claim of ineffective assistance of counsel is “relegated to postconviction proceedings, unless the record permits definitive | ^resolution on appeal.” State v. Mercadel, 12-0685, p. 16 (La.App. 4 Cir. 7/24/13), 120 So.3d 872, 882 (collecting cases). Such is not the case here.
The evidence in the record is insufficient to evaluate and resolve Mr. Dominick’s ineffective assistance claim on appeal. The record contains two affidavits executed by Mr. Dominick. In one affidavit, he attests that his “previous attorneys failed to investigate the January 6, 2010 allegation that C.P. was raped in Steven Dominick’s office at 11 p.m. Counsel never attempted to obtain the security records indicating whether he accessed the building at that time.” In the other affidavit, he attested that counsel failed to consider his desire to withdraw his guilty plea. Neither of Mr. Dominick’s affidavits address his concerns as to prison programs or sex offender registration. Nor is there anything in the record from previous counsel to refute the claims of ineffective assistance.
Accordingly, we find Mr. Dominick’s ineffective assistance of counsel claims must be addressed in an application for post-conviction relief. On an application for post-conviction relief, Mr. Dominick will be afforded the opportunity to develop evidence with regard to his claims of ineffective assistance of counsel. Moreover, the district court will be able to provide him with a full evidentiary hearing, review the facts, and determine the merits of his ineffective assistance claims. For the forgoing reasons, we do not reach Mr. Dominick’s ineffective assistance of counsel claims. We expressly reserve Mr. Dominick’s right to raise these claims on post-conviction relief.

Assignment of Error Number Three

11sMr. Dominick’s final assignment of error is that the State committed a Brady violation.[8] Mr. Dominick’s Brady violation claim is premised on text messages downloaded by a defense expert from Mr. Dominick’s cell phone, which was seized incident to his arrest. Mr. Dominick contends one of the victims, C.P., sent the text messages to him before his arrest and that *791 those messages are a source of important impeachment evidence.
The Brady rule was summarized by this court in State v. Hollins, 11-1435, pp. 23-24 (La.App. 4 Cir. 8/29/13), 123 So.3d 840, 862, 2013 WL 4603938, as follows:
Due process requires the disclosure of evidence that is both favorable to the accused and material either to guilt or punishment. Brady v. Maryland, 373 U.S. at 87, 83 S.Ct. at 1197-97. The Brady rule also requires the disclosure of evidence adversely affecting the credibility of government witnesses. See Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). When such information is not disclosed and it is material in that its suppression undermines the confidence in the outcome of the trial, then constitutional error occurs and the conviction must be reversed. United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Id. Materiality hinges on “not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.” Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). Further, the defendant must show that “ ‘disclosure of the suppressed evidence to competent counsel would have made a different result reasonably probable.’” State v. Marshall, 81-3115, 94-0461 (La.9/5/95), 660 So.2d 819, 826 (quoting Kyles, 514 U.S. at 441, 115 S.Ct. at 1569).

Id.

| uUnder the Brady rule, the State is not obligated to furnish a defendant with information he already has or can obtain with reasonable diligence. State v. Harper, 10-0356, p. 11 (La.11/30/10), 53 So.3d 1263, 1271 (citing State v. Kenner, 05-1052, p. 2 (La.12/16/05), 917 So.2d 1081, 1081 (citing United States v. Newman, 849 F.2d 156, 161 (5th Cir.1988))). Stated otherwise, “[t]here is no Brady violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source, because in such cases there is really nothing for the government to disclose.” State v. Hobley, 98-2460, p. 25 n. 10 (La.12/15/99), 752 So.2d 771, 786 (citing Coe v. Bell, 161 F.3d 320 (6th Cir.1998)).
In this case, given the text messages were from Mr. Dominick’s cell phone, it can be inferred that he was aware of those text messages before he entered the guilty plea. For this reason, there is no Brady violation. Id. Moreover, in United States v. Ruiz, 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002), the Supreme Court held that a defendant is entitled to information necessary to ensure that his plea is voluntary and that any related waiver of his rights are made “knowing[ly], intelligently], [and] with sufficient awareness of the relevant circumstances and likely consequences.” Id. at 629, 122 S.Ct. at 2455 (quoting Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963) (alterations in original)). Continuing, the Supreme Court stated:
[I]mpeachment information is special in relation to the fairness of a trial, not in respect to whether a plea is voluntary (“knowing,” “intelligent,” and “sufficient[ly] aware”). Of course, the more information the defendant has, the more aware he is of the likely consequences of *792 a plea, waiver, or decision, and the wiser that decision will likely be. But the Constitution does not require the prosecutor to share all useful information with the defendant. Weatherford v. Bursey, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (“There is no general constitutional right to discovery in a | ^criminal case”). And the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply in general in the eireumstances-even though the defendant may not know the specific detailed consequences of invoking it. A defendant, for example, may waive his right to remain silent, his right to a jury trial, or his right to counsel even if the defendant does not know the specific questions the authorities intend to ask, who will likely serve on the jury, or the particular lawyer the State might otherwise provide. Cf. Colorado v. Spring, 479 U.S. 564, 573-575, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987) (Fifth Amendment privilege against self-incrimination waived when defendant received standard Miranda warnings regarding the nature of the right but not told the specific interrogation questions to be asked).
Ruiz, 536 U.S. at 629-30, 122 S.Ct. at 2455. Thus, the Supreme Court in Ruiz held that the Brady rule does not dictate that the prosecutor share all useful information with the defendant. The Ruiz case thus buttresses our finding that there is no Brady violation in this case. This assignment of error lacks merit.

DECREE

For the foregoing reasons, we affirm the defendant’s convictions and his sentences for stalking and extortion. We remand to the district court for clarification of the defendant’s sentences for forcible rape and his sentence for second degree kidnapping. We expressly reserve the defendant’s right to seek post-conviction relief on the issue of ineffective assistance of counsel. We grant the defendant’s motions to seal.
AFFIRMED IN PART, REMANDED IN PART, AND MOTIONS TO SEAL GRANTED

. In this opinion, we use the victims' initials. See La. R.S. 46:1844(W) (barring public disclosure of the names, addresses, or identities of all victims of sex offenses; and authorizing use of initials or abbreviations.).

. In a companion case (case number 505-411), Mr. Dominick was charged with 139 counts of pornography involving juveniles.

. State v. Prieur, 277 So.2d 126 (La.1973).

. Mr. Dominick also pled guilty to 139 counts of pornography involving juveniles in the companion case (case number 505-411), and he received a ten year sentence to be served concurrently with the sentences in this case. His appeal from his sentences in the companion case currently is pending in this court. State v. Dominick, 2013-KA-0270.

. As the State points out, the scope of this appeal does not include review of the underlying convictions for the offenses to which Mr. Dominick pled guilty.

. La. R.S. 46:1844(W)(l)(b) provides:
W. Confidentiality of crime victims who are minors and victims of sex offenses.
(l)(b) In order to protect the identity and provide for the safety and welfare of crime victims who are minors under the age of eighteen years and of victims of sex offenses, notwithstanding any provision of law to the contrary, an attorney for any party shall be prohibited from publicly disclosing, except during trial, the name, address, or identity of crime victims who at the time of the commission of the offense are under eighteen years of age or are victims of sex offenses, regardless of the date of commission of the offense. An attorney may lawfully utilize initials, abbreviations, or other forms of indefinite descriptions on documents used in the performance of their duties to prevent the public disclosure of the name; address, or identity of such crime victims. If the name, address, or identity of *786 such a crime victim must be disclosed in a motion or pleading, that motion or pleading shall be filed with the court requesting that it be kept under seal. Failure to comply with the provisions of this Subparagraph shall be punishable as contempt of court.

. Mr. Dominick averred in his motion to withdraw his guilty plea that his previous counsel informed him that he would have to register as a sex offender for a period of fifteen years and could be relieved of his burden by a judge after ten years. However, this information was inaccurate. The sex offender registration period for forcible rape is life. Thus, he contends that he was induced to plea by inaccurate information imparted by his previous attorneys. He further averred that as an. inducement to plea, his previous counsel told him that he was eligible for boot camp, which would greatly reduce his sentence; however, this information likewise was inaccurate. Sex offenders are ineligible for boot camp.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).