PER CURIAM.
| TDenied. Relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or that he was denied counsel during a critical stage of the proceedings under United States v. Cronic, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984) by the representation of an indigent defender at the hearing at which he pled guilty. Relator also fails to show the state withheld any material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Finally, he has shown no defect in the proceedings resulting in his guilty plea. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now folly litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars ^against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.
laRULING
On September 17, 2012, Petitioner, Ro-dricus Cortez Crawford, pled guilty to Possession of Marijuana — second offense. Whereupon, Petitioner was sentenced to pay a fine of $500.00 plus court costs, or in the default thereof, to serve sixty (60) days in the parish jail. Additionally, Petitioner was sentenced to one (1) year at hard labor with credit for time served, to run concurrently with any other sentence.
Currently before the court filed on September 17, 2014, is Petitioner’s Application for Post-Conviction Relief, For the reasons that follow, Petitioner’s application is
DENIED.
In Petitioner’s application he raises four claims for relief concerning the validity of his guilty plea: rights to counsel under the 6th Amendment and La. Const. Art 1, § 13 were violated 1) when his guilty plea was entered without representation of counsel, 2) his guilty plea was not entered knowingly, voluntarily and intelligently, 3) the state’s nondisclosure of favorable evidence and 4) the court’s extensive and coercive involvement in plea negotiations with incorrect legal advice.
Petitioner’s first two claims allege ineffective assistance of counsel during his guilty plea. The Louisiana Supreme Court has held that the two-part analysis *395 of Strickland v. Washington, 466 U.S. 668 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), relative to ineffective assistance of counsel claims, applies to challenges to guilty pleas based upon ineffective assistance of counsel. State v. Washington, 491 So.2d 1337, 1338 (La.1986); State v. Turner, 2013-0285 (La.App. 4 Cir. 12/4/13, 2-3); 131 So.3d 106, 107-08 (La.Ct.App.2013). To succeed on a claim ineffective assistance of counsel, Petitioner must first satisfy the two prong test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that counsel’s performance was deficient, that the deficiency prejudiced him and, that counsel’s error was so serious that it violated Petitioner’s right to effective assistance of counsel as guaranteed by the Sixth Amendment of the U.S. Constitution. Id. at 686, 104 S.Ct. 2052. The defendant must prove actual prejudice before relief I ¿will be granted. It is not sufficient for the defendant to show the error- had some conceivable effect on the • outcome. of the proceedings. Rather, he must show that but for counsel’s unprofessional errors, there is a reasonable probability the out-come would have been different. Id. at 693, 104 S.Ct. 2052. A defendant who pleads guilty and then claims he received ineffective assistance of counsel must first show that counsel’s advice to plead guilty was not within the wide range of competence demanded of attorneys in criminal cases. The defendant must also show that, but for counsel’s erroneous advice, he would have elected to go to trial rather than plead guilty, State v. Wry, 591 So.2d 774, 779 (La.App. 2d Cir.1991), Hill v. Lockhart, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985), Armstead v. Scott, 37 F.3d 202, 206-207 (5th Cir.1994).
Petitioner’s first claim alleges he was actually or constructively denied counsel at the time he entered his guilty plea. Attorney Michael Enright was appointed to represent Petitioner for the instant charge. On several occasions Mr. Enright was present with Petitioner in court and met with Petitioner on two separate occasions after a plea Offer was extended. In Tucker v. Day, 969 F.2d 155 (5th Cir.La.1992), the court found failure of Petitioner’s appointed counsel, to provide any assistance at resentencing hearing a constructive denial of his‘right to counsel. Here, Petitioner’s case is Unlike Tucker v. Day. Petitioner had counsel present at his guilty plea and was asked if he had any questions for his attorney before pleading guilty. Petitioner answered in the negative. (See Petitioner’s Exhibit L). Petitioner has failed to prove that he was actually or constructively denied counsel during his guilty plea and sentencing hearing. Petitioner’s first claim is DENIED.
Second, Petitioner claims his guilty plea was.not entered Imowingly, voluntarily or intelligently. . This claim is without merit as Petitioner was.adequately advised of his constitutional rights under Boykin v. Alabama, 395 U.S., 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This court-.found a factual basis for the plea of guilty and that Petitioner freely and voluntarily pled guilty without anyone having forced or coerced him to do so. This court further found that Petitioner understood the nature of the charges against-him and the potential outcomes of Petitioner pleading guilty, (See Petitioner’s Exhibit L). Petitioner was aware of his counsel’s concerns with a conviction in this instant matter regarding his pending murder charge, and Petitioner nevertheless choose to enter a guilty plea. | ^Petitioner has failed to show that his counsel performance was deficient and that the deficiency prejudiced him. Petitioner’s second claim is DENIED.
In Petitioner’s third claim, he alleges the State withheld favorable evidence in viola *396 tion of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner alleges that he was unaware that one of his co-defendants pled guilty the instant charge and that that instant charge was dismissed against a- second co-defendant. Under the Brady rule, the State is not obligated to furnish a defendant with information he already has or can obtain with reasonable diligence. State v. Harper, 10-0356, p. 11 (La.11/30/10), 53 So.3d 1263,1271. “[TJhere ⅛ no Brady violation where a defendant knew or should have 'known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available from another source, because in such cases there is really nothing for the government to disclose.” State v. Dominick, 2013-0121 (La.App. 4 Cir. 11/20/13, 14); 129 So.3d 782, 791 (La.Ct.App.2013). Petitioner could have with reasonable diligence obtained his co-defendant’s guilty plea to the instant charge. A discovery violation involving the state’s failure to disclose exculpatory evidence does not require reversal as a-matter of the due process clause unless 'the* nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced -a different result. State v. Manning, 44,403 (La.App. 2 Cir. 6/24/09, 15); 15 So.3d 1204, 1214 writ denied, 2009-1749 (La.4/5/10); 31 So.3d 355. Here, .Petitioner cannot prove by a reasonable probability that his co-defendant’s guilty plea would have produced a different result. A subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs. State v. Lathers, 03-941 (La. App. 5 Cir. 2/23/04, 6); 868 So.2d 881, 885 (La.Ct.App.2004). Constructive, possession” of drugs, sufficient to establish required possession, is dominion and control over contraband, with knowledge of substance. State v. Tate, 632 So.2d 1213, 25, 765 (La.App. 2 Cir. 2/23/94), writ denied 678 So.2d 33, 1994-1218 (La.8/23/96). The State would have shown that the substance was within the Petitioner’s control and dominion to prove joint constructive possession. Furthermore, by pleading guilty, Petitioner admitted to possessing the marijuana. Third claim is DENIED.
|fiFinally, Petitioner claims this Court’s extensive involvement during the plea negotiations rendered Petitioner’s guilty plea invalid.' Advice regarding sentencing is not a Boykin error and is subject to harmless error-standard. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. As previously- stated, Petitioner was adequately advised of his Boykin rights to establish that his guilty plea was knowingly, voluntarily and intelligently entered. Therefore, Petitioner claim is harmless error. This claim is DENIED. - -
Accordingly, Petitioner’s Motion is DENIED. The Clerk of Court is directed to provide a copy of this Ruling to the. Petitioner; his counsel, his custodian and the District Attorney.
Signéd this 1st day of Dec., 2014, in Shrevéport Caddo Parish,’Loüisiana.
/s/ CRAIG MARCOTTE, DISTRICT JUDGE