Judge Joy Cossich Lobrano
11Troy L. Randolph (“Defendant”) appeals his- convictions for possession with the intent to distribute marijuana,[1] possession with the intent to distribute heroin,[2] possession with the intent to distribute cocaine,[3] and possession of a firearm by a convicted felon.[4] Defendant also appeals his sentence for possession with the intent to distribute heroin as indeterminate. Finding that the evidence is sufficient to support his convictions, and no error below merits reversal, we affirm Defendant’s convictions. Finding that his sentence of ten years, with “at least” five years to be served without the benefit of probation, parole, or suspension of sentence is indeterminate, we vacate the sentence, and remand this case to the district court so that a determinate sentence may be rendered.
Detective David Biondolillo, (“Det. Bion-dolillo”) while working with the Drug Enforcement Agency multi-jurisdictional major crimes task force, observed | ^Defendant exit the Residence[5] with another person. During a pre-trial hearing, Det. Biondolillo identified this other person as a confidential informant (“C.I.”) who, at the time, was making a controlled buy from Defendant, Det. Biondolillo testified that the C.I. entered Defendant’s Residence with no drugs on his person and exited the Residence with cocaine. Based on this transaction, Det. Biondolillo received a search warrant for the Residence. The district court ruled that no mention of the C.I. would be made to the jury at trial.
The search warrant was executed on February 10, 2014. Upon execution, police found large quantities of marijuana, powder cocaine, crack cocaine, and heroin, some of which had been individually packaged in small bags and hidden. Only one of the two bedrooms in the Residence was furnished. The other was mostly empty except for a chest-of-drawers that contained several bags of drugs. In the furnished bedroom, officers found a dresser with heroin, needles and a spoon, a shoebox full of marijuana, and a loaded shotgun leaning against the wall. Under the bed, the officers found a bag of crack cocaine and $300 cash in a hole inside the bedpost, as well as mail and an arrest register with Defendant’s name on it. There was also a *429 scale containing white powder residue and cooking equipment covered in white powder residue in the kitchen.
During the execution of the search warrant, officers found one person inside the Residence at the time, a woman asleep in the bed in the furnished bedroom. |aThe woman was arrested on the scene after admitting she had been using heroin at the Residence. She told the officers that Defendant usually kept some heroin in the bed-side table for his guests.
On April 22, 2014, the State of Louisiana (“State”) charged Defendant with possession with the intent to distribute marijuana, possession with the intent to distribute heroin, felon in possession of a firearm, and possession with the intent to distribute cocaine. At trial, the woman arrested upon the execution of the search warrant testified that when she was arrested, she had known Defendant for at least a month and had gotten heroin from him almost every day. She testified that Defendant lived in that house and slept in the bedroom where she was found. She said she had seen Defendant deal drugs out of the Residence, out of both bedrooms, almost every day, and that she had witnessed Defendant “cook” crack cocaine in the kitchen. The woman also testified that she knew Defendant’s brother. The woman said that Defendant’s brother did not live at the Residence and she had never seen Defendant’s brother sell drugs there.
Another individual, a Louisiana attorney, testified that he bought cocaine from Defendant on multiple occasions during a four-month span. He also identified several text messages found on a cellular telephone that Defendant possessed when arrested. The attorney admitted that he sent the text messages to Defendant as part of a transaction to buy large amounts of cocaine.[6]
I ¿The State also introduced evidence of Defendant’s other crimes. In 2009, Defendant was arrested and charged with possession of a firearm by a convicted felon, possession with the intent to distribute cocaine, possession with the intent to distribute morphine, distribution of a Schedule III controlled dangerous substance, possession with the intent to distribute alprazolam, and possession with the intent to distribute marijuana. Defendant pled guilty to all of the 2009 charges. Detective Humbles (“Det. Humbles”) testified that he executed a search warrant at the Residence [7] on June 24, 2009. He found several types of prescription pills,[8] marijuana, crack cocaine, powder cocaine, heroin, a scale and mirror with residue on them, as well as a revolver and a rifle. After looking up Defendant’s name, Det. Humbles discovered Defendant had a prior felony conviction that barred him from possessing a firearm.[9] Upon execution of the search warrant, Defendant and his then girlfriend were arrested. Defendant and the girlfriend admitted that they lived at the Residence and shared Defendant’s bedroom.[10]
Det. Humbles also issued an arrest warrant for Defendant’s brother, who also *430 lived at the Residence at that time. Det. Humbles testified that .he found four pounds of marijuana located-under Defendant’s brother’s bed but all of the other drugs, paraphernalia, and guns were found in Defendant’s bedroom. He also | ^discovered energy bills in Defendant’s brother’s name and water bills in Defendant’s name for the Residence.
After the trial, Defendant was found guilty as charged on all counts. On December 15, 2015, the district court sentenced Defendant to ten years at hard labor on counts one, two, and four, to run concurrently, and ten years at hard labor without the benefit of probation, parole or suspension of.sentence on count three, to run concurrently with the other sentences. On May 2, 2016, the district court amended Defendant’s sentence on .count two, possession with the intent to distribute heroin, to provide that “at least” five of the ten years must.be served without the benefit of probation, parole or suspension of sentence. On May 4, 2016, the district court amended the sentence on count four to provide that the first two years- must be served without the benefit of probation, parole or suspension of sentence.[11]
Defendant now timely appeals these convictions and his sentence for possession with the intent to distribute heroin.
Assignments of Error
I. Admission of Other Crimes Evidence
.In his first assignment of error, Defendant argues that the district court erred in partially granting[12] -the State’s motion to admit evidence of Defendant’s previous | ficonvictions for possession of a firearm by a convicted felon, possession with the intent to distribute cocaine, possession with the intent to distribute morphine, distribution of a Schedule III controlled dangerous. substance,[13] possession with the intent to distribute alprazolam, and possession with the intent to distribute marijuana (together, the. “2009. case”).[14] Defendant argues that the other crimes evidence admitted from the 2009 case was more prejudicial than probative[15] and should have been ruled inadmissible. Specifically, Defendant argues that because the 2009 case includes possession with the *431 intent to distribute several prescription medications, this “makes [Defendant] look worse than just an illegal cocaine, heroin, or marijuana dealer” as “there are different implications involved in the illegal dealing of prescription medication.” Further, Defendant argues that because two firearms were found in the 2009 case and only one firearm was found in the case sub judice, the jury may have been inclined to draw inferences about him that they would not have otherwise, drawn.
La. C.E. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, 17intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in' a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
The district court has broad discretion in weighing the probative versus prejudicial value of evidence under La. C.E. art. 403, and its ruling on the admissibility of evidence pursuant to La. C.E. art. 404 (B)(1) will not be disturbed absent an abuse of discretion. State v. Coleman, 2014-0402, p. 39 (La. 2/26/16), 188 So.3d 174, 205.
' In order for other crimes to be admissible as evidence of intent, the prosecution must establish three prerequisites: “(1) the prior acts must be similar; (2) there must be a real and genuine contested issue of intent at trial; and (3) the probative value of the evidence must outweigh its prejudicial effect.” State v. Blank, 2004-0204, p. 41 (La. 4/11/07), 955 So.2d 90, 124; see also State v. Lawrence, 2009-1637, p, 9 (La.App. 4 Cir. 8/25/10), 47 So.3d 1003, 1009. After the State provided Defendant with notice it was going to use evidence of his prior convictions, the district court held a hearing[16] to determine its admissibility. In 8ruling after that hearing, the district court-noted that the statutes for possession with the intent to distribute narcotics require the State to prove specific intent.[17] See La. R.S. 40:966(A)(1) *432 (regarding Schedule I substances, such as heroin and marijuana); La. R.S. 40:967(A)(l)(regarding Schedule II substances, such as cocaine). See also State v. Sykes, 2004-0947 (La.App. 4 Cir. 3/9/05), 900 So.2d 156, 162 (requiring specific intent in a possession with the intent to distribute case). Defendant argues that his intent is not at issue as he had not asserted that he possessed the drugs by mistake. However, the State must prove every essential element of. an offense. State v. Berniard, 2014-0341, p. 11 (La.App. 4 Cir. 3/4/15), 163 So.3d 71, 80. Thus, because specific intent is an element of the charged crimes, when Defendant pled not guilty, he necessarily put his intent at issue. The district court did not abuse its discretion in finding the other crimes evidence from the 2009 case “relevant to show that the crimes were not committed inadvertently or without guilty knowledge,” and should be admitted to show lack of mistake.
The district court also allowed the introduction of evidence of the prior crimes to show plan and preparation. The district court based its decision on evidence presented at a pretrial hearing that Defendant conducted business with confidential informants involving the sale of narcotics in both cases, which appeared to be “quite similar.” The district court also found that the information was highly probative. The similarities between the case sub judice and the 2009 |9case evident from the record indicate that the district court did not abuse its discretion in reaching this conclusion.[18]
This assignment of error lacks merit.
II. Hearsay Ruling
Next, Defendant argues that the district court erred by denying his motion in li-mine to exclude hearsay information provided by the C.I. In so arguing, Defendant alleges that the district court first denied his motion in limine to exclude any evidence referring to information obtained by the non-testifying C.I. and then changed its ruling on two subsequent occasions during trial. The record does not support this assertion.
On the first day of trial before jury selection began, the district court initially denied Defendant’s motion in limine, ruling that any evidence alluding to the confidential informant would be admissible as res gestae. See La. C.E. 801(D)(4). The district court immediately revised its ruling to exclude any direct reference to the C.I. The district court further ruled that Det. Bion-dolillio could testify to what he learned during his investigation as long as he did not attribute the information directly to the C.I. Defendant objected, arguing that the district court would be admitting hearsay, which would warrant a mistrial.
The following morning before the trial resumed, both the State and Defendant requested clarification of the court’s motion in limine ruling. The district court repeated that the detectives could refer to the information they |10received through the course of their investigations but no party or witness could mention the C.I. The court also advised Defendant not to *433 ask any questions that would elicit a response referencing the C.I. that would warrant a mistrial if elicited by the State. Defense counsel replied he would “not open the door.”
Det. Biondolillo testified that while executing the .search warrant, the officers waited only a few seconds to breach the door after knocking and announcing their presence because information they had received led them to believe there were guns inside the Residence. Defendant objected to this testimony as hearsay, and, after a bench conference, the district court sustained the objection.
During cross-examination, defense counsel asked Det. Biondolillo why he did not charge the woman arrested at the Residence with possession of the crack found under the bed on which she was sleeping. Det. Biondolillo replied that he did not believe it belonged to her. Defense counsel then asked, “You did not believe it was hers?” and Det. Biondolillo responded that “[a]ll the information I had up to that point led to [Defendant] being the person who lives at that house, being the person who was selling drugs from that house, including the investigation that I conducted that led to me getting a search warrant.
After the jury vacated the courtroom for a lunch break, Defendant again objected on the record to the statement Det. Bion-dolillo made on direct examination as hearsay, which the court overruled.[19] Defendant also requested a mistrial, which the district court denied. Defendant then objected to Det. Biondolillo’s statement under cross-examination as hearsay. The State responded that the testimony had been elicited by Defendant’s own question, knowing. what Inthe answer would be, which the district court specifically advised defense counsel against. Again, the district court overruled the objection and denied Defendant’s request for a mistrial.
As stated supra, a district court’s ruling on the admissibility of evidence should not be overturned absent an abuse of discretion. See State v. Brown, 97-2260, p. 8 (La.App. 4 Cir. 10/6/99), 746 So.2d 643, 648 (applying the abuse of discretion standard to a district court’s ruling on the admissibility of hearsay). Regardless of any confusion at the district court as to the ruling on the motion in limine, the district court did not abuse its discretion in admitting the testimony. Hearsay is a statement, other than one made by the declar-ant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801(C). Hearsay evidence is generally not admissible, unless provided for by the Code of Evidence or other legislation. La. C.E. art. 802. There are some exceptions to the general hearsay prohibition. For example:
The testimony of a police officer may encompass information provided by another individual without constituting hearsay, if it is offered to explain the course of the police investigation and the steps .leading to the defendant’s arrest. However, this exception does not allow the state carte blanche authority to bring before the jury the substance of the out-of-court information that would otherwise be barred by the hearsay rule.
State v. Legendre, 2005-1469, p. 11 (La. App. 4 Cir. 9/27/06), 942 So.2d 45, 52-53. (internal citations omitted). “Generally, an explanation of the officer’s actions should never be an acceptable basis upon which to *434 admit an out-of-court declaration when the so-called ‘explanation’ involves a direct assertion of criminal activity against the accused.” State v. Hearold, 603 So.2d 731, 737 (La. 1992). “Absent some unique circumstances in which the explanation of purpose is 12probative evidence of a contested fact, such hearsay evidence should not be admitted under an ‘explanatory’ exception.” Id.
In the case sub judice, Det. Biondolillo’s statement that based on the information he received, he believed there were guns in the Residence, was provided to' explain why the police used force to breach the door of the Residence when executing the search warrant. Det. Biondo-lillo did riot attribute the information to a third' party nor was the substance of the statement a direct assertion of criminal activity against the accused. As to Det. Biondolillo’s statement made on cross-examination, there is no indication that he was referring to any statements made to him by a third party. Additionally, defense counsel specifically asked the question in order for the detective to explain his actions. .The Louisiana Supreme Court has held that the State cannot be charged with testimony elicited" by defense counsel and that defense counsel cannot claim reversible error on the basis of evidence he elicited. State v. Kimble, 375 So.2d 924, 928 (La. 1979); State v. Tribbet, 415 So.2d 182, 184 (La. 1982); State v. Augustine, 2012-1759, p. 9 (La.App. 4 Cir. 9/18/13), 125 So.3d 1203, 1208.
Moreover, even if the district court erred, admission of hearsay is subject to a harmless error analysis. State v. Witte, 559 So.2d 1321, 1332 (La.1990). On review, factors to consider include the importance of the witness’ testimony, whether the testimony was cumulative, the presence or absence of corroborating evidence, the extent of cross-examination permitted, and overall strength of the state’s case. Id. Ip the case sub judice, Det. Biondolillo testified that upon execution of the search warrant, officers discovered a shotgun.inside the Residence. Under these circumstances, any error occurring by the admission of liaDet. Biondolillo’s reference to information he learned from a non-testifying party was rendered harmless by the discovery of the shotgun.
This assignment of error lacks merit.
III. Indeterminate Sentence
Lastly, Defendant asserts that the district court imposed an indeterminate sentence on count two of the bill of information, possession with the intent to distribute heroin. La. C.Cr.P. 879 requires that a sentencing court impose a.determinate sentence. During the sentencing hearing on May 2, 2016, the district court amended the. sentence on count two. Originally, the sentence required that “the first” five years of the ten year sentence be served without the benefit of probation, parole, or suspension of sentence. Upon amendment, the words. “the first” were replaced with “at least.”
The statute regarding the penalties for possession with the intent to distribute heroin provides that upon conviction, a defendant shall be sentenced to “imprisonment at hard labor for not less than five nor more than fifty years, at least five years of which shall be served without benefit of probation or suspension of sentence...” La. R.S. 40:966(B)(1) (2014). (emphasis added); The use of the phrase “at least” in the statute is meant to provide the sentencing' judge with some discretion in fixing the term which must be served without the benefit of parole, probation or suspension of sentence, as long as it does not fall below the required minimum. State v. Dominick, 2013-0121, p. 6 (La.App. 4 Cir. 11/20/13), 129 So.3d 782, *435 787.[20] However, failure of the district court to specify the- number of | 14years of a sentence which must be served without the benefit of parole, probation, or suspension of sentence, is an error patent which is neither self-correcting, nor correctable on appeal. Id. Thus, the case must be remanded to the district court for resentenc-ing. Id.
Decree
Defendant’s convictions are affirmed. Defendant’s sentence as to count two of the bill of information, possession with the intent to distribute heroin, is hereby vacated. The case is remanded to the district court for resentencing, and the district court is specifically instructed to specify the number of years Defendant must serve on this count without the benefit of probation, parole, or suspension of sentence.
AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS

. La. R.S. 40:966(A)(1) (count one of the Bill of Information).

. Id. (count two of the Bill of Information).

. La. R.S. 40:967(A)(1) (count three of the Bill of Information).

. La. R.S. 14:95.1 (count four of the Bill of Information).

. The address where the 2014 search warrant was executed is referred to throughout this opinion as "the Residence.”

. Approximately one month after Defendant’s arrest, the attorney was arrested in Jefferson Parish for possession of cocaine. During trial, he was in a diversion program. He testified that the State had given him immunity in this case in exchange for his testimony.

. The 2009 search warrant was executed upon the same location as the 2014 search warrant.

. Det. Humbles testified that he found Subox-one, Xanax, and morphine.

. See La. R.S. 14:95.1.

. Because the girlfriend admitted she shared the bedroom with Defendant, she was charged with everything found inside the bedroom along with Defendant.

. After sentencing, the State filed a multiple offender bill. On July 6, 2016, the district court found Defendant not guilty of the multiple offender bill on the basis that the State failed to prove the prior underlying convictions. The State subsequently filed a new multiple offender bill. A hearing on that multiple offender bill had not taken place yet upon the lodging of this appeal.

. The district court ruled that the State could use the other crimes evidence to show lack of mistake, plan, and preparation, but could not use the other crimes evidence to prove motive or identity.

. This substance is identified in the record as Suboxone, a brand name for a prescription medication containing a combination of bu-prenorphine, an opioid, and naloxone, which blocks the effects of opioids, such as pain ■ relief and euphoria. Suboxone is used in the treatment of narcotic addiction. "Suboxone” (April 3, 2017), available at https://www.drugs.com/suboxone.html. See La. C.E. art. 201 (B)(2). THe word "Suboxone” does not appear in the Uniform Controlled Dangerous Substance Law, see La. R.S. 40:964, et. seq. However, buprenorphine is classified as a Schedule III controlled dangerous substance and naloxone is classified as a Schedule II controlled dangerous substance. See La. R.S. 40:964. La. R.S. 40:964 Schedule 111(D)(2)(a) provides that any mixture containing buprenorphine is a Schedule III drug.

. These motions are often referred to as Pri-eur motions, in reference to Louisiana's seminal case on the admission of other crimes evidence, State v. Prieur, 277 So.2d 126 (La. 1973).

. See La. C.E. art. 403.

. See State v. Taylor, 2016-1124, p. 5, 2016 WL 7030750 at **9 (La. 12/1/16), 217 So.3d 283. In Taylor, the Louisiana Supreme Court noted that "[t]he jurisprudence has at times painted a murky picture concerning the burden of proof relative to introduction of other crimes evidence pursuant to La. C.E. art. 404(B),” in reference to the fact that some cases required that the State prove by ‘‘clear and convincing” evidence that the defendant was the person who committed the other crimes, whereas others required a lower standard. Id. The Taylor court concluded that the State does not have to prove by "clear and convincing” evidence that the defendant committed the other crimes, but rather, "the state ' need only make a showing of sufficient evidence to support a finding that the defendant committed the other crime, wrong, or act.” Id. at 2016-1124, p. 6, 2016 WL 7030750 at **6, 217 So.3d at 291 (emphasis in.original). However, the Taylor court recognized that a pretrial evidentiary hearing is required to determine the admissibility of other crimes evidence. Id. at 2016-1124, p. 6, 2016 WL 7030750 at **3-4, 217 So.3d at 288-89 . Although the evidentiary burden on the State may have been unclear at the time of Defendant’s hearing, we note that the district court held the required hearing, and that Defendant challenges the prejudicial nature and relevance of the evidence in question, not the sufficiency of the evidence the State presented at that hearing to prove that he in fact committed the other crimes.

. La. R.S. 14:10 reads, in pertinent part, "[sjpecific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the pre *432 scribed criminal consequences to follow his act or failure to act.”

. Even if the district court had erred in allowing the admission of prior crimes evidence, it would be subject to a harmless error analysis. State v. Garcia, 2009-1578, p. 41 (La. 11/16/12), 108 So.3d 1, 59. In this case, in light of both the attorney and the woman’s testimony that Defendant possessed and distributed narcotics to them from the Residence, as well as Det. Biondolillo’s testimony that all of the individually packaged narcotics and shotgun were found inside the Residence, the admission of the prior crimes evidence, if erroneous, was harmless.

. We note that, as stated supra, the district court had sustained the objection during the testimony.

. See also, State v. Matthews, 650 So.2d 1170 (La. 1995) (wherein the Louisiana Supreme Court vacated the defendant’s sentence of forty years at hard labor, "at least” ten of which must be served without parole eligibility, as being indeterminate and remanded the case to the district court with instructions to resen-tence the defendant to specify the number of years of parole ineligibility).