STATE OF LOUISIANA          *         NO. 2019-KA-0316

VERSUS                 *

                          COURT OF APPEAL

EVELYN CLANTON        *

                          FOURTH CIRCUIT

                 *

                          STATE OF LOUISIANA

              * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 534-000, SECTION "F"
Honorable Robin D. Pittman, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

**BARTHOLOMEW-WOODS, J., DISSENTS WITH REASONS**

Leon Cannizzaro
District Attorney
Donna Andrieu
Scott G. Vincent
Assistant District Attorney
DISTRICT ATTORNEY'S OFFICE
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Meghan Harwell Bitoun
Louisiana Appellate Project
P. O. Box 4252
New Orleans, LA 70178--4252

      COUNSEL FOR DEFENDANT/APPELLANT

                         **AFFIRMED**
                        **November 6, 2019**

Defendant, Evelyn Clayton, seeks review of her convictions for aggravated battery. She challenges the admission of evidence, the jury instructions and verdict. Finding no reversible error, Defendant's convictions are affirmed.

## PROCEDURAL HISTORY

Defendant was charged by bill of information with two counts of aggravated second degree battery of Tyrone and Delanda Garner, in violation of La. R.S. 14:34.7. At arraignment, Defendant pleaded not guilty. After a hearing, the trial court denied Defendant's motion to suppress identification and found probable cause to support the two charges for aggravated second degree battery.

Later, the State filed a notice of intent to introduce "evidence of similar crimes, wrongs and/or acts" pursuant to *State v. Prieur*[1] and La. C.E. art. 404(B). After a *Prieur* hearing, the trial court ruled the evidence was admissible. Shortly before trial, Defendant filed a motion for a twelve-person jury, which was denied. In addition, Defendant filed a motion for special jury instructions, which was granted as modified at the charging conference. However, the trial court declined

---

[1] *State v. Prieur*, 277 So.2d 126 (La. 1973), *abrogated on other grounds*.

1

to include a special charge concerning the burden of proof when there is a justification defense.

After a two-day trial, the jury found Defendant guilty of the responsive verdict of aggravated battery on both counts. Defendant's motions for post-verdict judgment of acquittal and a new trial were denied. Subsequently, Defendant received two concurrent six-year sentences at hard labor.[2] This appeal followed.

## FACTS

On February 19, 2017, Tyrone and Delanda Garner, who are brother and sister, were leaving a Mardi Gras Parade with friends and family. While walking to the bus, Delanda stopped to use the restroom at the home of Mr. and Mrs. Brinson, which was located on Third Street, in New Orleans.

Sitting on the front steps of the house were Defendant, her sister, Wynola Clanton, and their mother. While on her way to the restroom, Delanda overheard Wynola, "talking about slapping somebody." When she exited the restroom, Wynola proceeded to slap her and a fight ensued. Shortly thereafter, Defendant's mother joined. In response, Tyrone stepped in to stop the mother from hitting his sister. When he turned around, Defendant hit him in the face with a pipe. Defendant then proceeded to hit Delanda in the face and arm with the pipe.

After the altercation was over, Defendant, Wynola and their mother left the scene. Thereafter, police and paramedics arrived. Delanda and Tyrone were both transported to the hospital. Delanda suffered lacerations to her mouth, which required fifteen stitches. Her injuries also included two chipped teeth, one tooth

---

[2] The record reflects that the State filed a multiple offender bill of information alleging Defendant was a fourth felony offender. However, the multiple offender bill was set for hearing on October 17, 2018, after this appeal was filed on October 5, 2018. In this appeal, Defendant does not challenge her sentence.

2

"knocked … out," and a permanent scar underneath her nose. Tyrone required surgery for his nose, which was almost severed off of his face.

Subsequently, Delanda identified Wynola as the person who slapped her. In addition, she identified Defendant as the person who hit her and Tyrone in the face with the pipe. Tyrone was unable to identify Defendant in a photographic lineup.

Approximately one week later, Delanda and Tryone returned to the same area for another parade when she saw Defendant. Defendant approached her to apologize. At that point, Delanda contacted the lead detective on the case, who came to the scene and arrested Defendant.

## ERRORS PATENT

A review for errors patent on the face of the record reveals none.

## DISCUSSION

While Defendant raises four assignments of error, we organize our analysis around three alleged errors: 1) the admission of *Prieur* evidence, 2) the jury instructions, and 3) the jury verdict.

## ADMISSION OF *PRIEUR* EVIDENCE

First, Defendant raises two issues concerning the admission of *Prieur* evidence. Specifically, she takes issue with the admission and presentation of the *Prieur* evidence at trial. A district court's ruling on the admissibility of evidence should not be overturned absent an abuse of discretion. *State v. Randolph*, 16-0892, pp. 7, 11 (La. App. 4 Cir. 5/3/17), 219 So.3d 425,431.

As to the admission issue, Defendant asserts that the trial court erred in admitting *Prieur* evidence. Admitted at trial was evidence of Defendant's convictions for the following prior crimes: 1) On September 3, 2015, striking an ex-boyfriend's car with a metal pipe, then striking the ex-boyfriend with keys

3

leading to a plea of guilty to the charges of domestic abuse battery and simple criminal damage to property; 2) On June 22, 2009, striking an ex-boyfriend in the head with a hair brush, then hitting him in the chest with a broken glass beer bottle leading to a plea of guilty to the charge of aggravated battery; 3) On May 20, 2009, cutting an ex-boyfriend in the neck with a knife leading to a plea of guilty to the charge of aggravated battery. The court instructed the jury that the above evidence could only be considered for the purpose of showing an absence of mistake, intent or motive.

"Generally, evidence of other crimes committed by the defendant is inadmissible due to the substantial risk of grave prejudice to the defendant." *State v. McDermitt*, 406 So.2d 195, 200 (La. 1981) (citing *Prieur, supra*). Pursuant to La. C.E. art. 404(B)(1), evidence of other crimes, wrongs or acts are generally not admissible to prove character. The article, however, provides for exceptions to this rule, which include admission for the purposes of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or when the evidence relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. "Moreover, even when the evidence is offered for a purpose allowed under Article 404 B(1), the evidence must have substantial relevance independent from showing the accused's criminal character and is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense." *State v. Taylor*, 16-1124, 16-1183, p. 12 (La. 12/1/16), 217 So.3d 283, 292; *see also* La. C.E. art. 404(A)[3]). A district court has

---

[3] La. C.E. art. 404(A)(1) states: "Evidence of a pertinent trait of his character, such as a moral quality, offered by an accused, or by the prosecution to rebut the character evidence; provided that such evidence shall be restricted to showing those moral qualities pertinent to the crime with which he is charged, and that character evidence cannot destroy conclusive evidence of guilt."

4

broad discretion in weighing the probative versus the prejudicial value of evidence under La. C.E. art. 403.[4]

In this case, Defendant's sister, Wynola Clanton, testified that Defendant entered into the fray to protect her and her mother. Therefore, the *Prieur* evidence was admissible on two grounds: 1) to rebut Defendant's self-defense argument and 2) to establish intent.

First, the prior similar acts were admissible to rebut Defendant's self-defense argument. As noted in *Taylor* and *Jones*, *supra*, evidence of prior bad acts is generally admissible to rebut a defendant's defense. This legal principle is exemplified in *State v. Murray*, 36,137 (La. App. 2 Cir. 8/29/02), 827 So.2d 488.

In *Murray*, the defendant was on trial for shooting a man with whom he was well-acquainted. *Id.*, 36,137, pp. 1-2, 827 So.2d at 490-91. He contended that he acted in self-defense, that he had never before been in such a situation and that he panicked. *Id.*, 36,137, p. 29, 827 So.2d at 504. To counter the defendant's claim in this regard, the State sought to introduce evidence of the defendant's involvement in a prior shooting, an incident which, following a police investigation, had ended with a finding that defendant had shot the victim in self-defense. *Id.*, 36,137, p. 27-29, 827 So.2d at 502-04.

Following a *Prieur* hearing, the trial court found the evidence of the prior shooting admissible. *Murray*, 36,137, p. 29, 827 So.2d at 503. The court of appeal affirmed, reasoning: "Not only was the prior shooting admissible to impeach the defendant's credibility, it was also probative of the defendant's intent, his knowledge, and the absence of mistake or accident. The trial court did not err in

---

[4] La. C.E. art. 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

allowing this evidence because it was plainly relevant." *Murray*, 36,137, pp. 29-30, 827 So.2d at 504. Likewise, in this case, the *Prieur* evidence was admissible to establish rebut Defendant's self-defense claim and establish intent.

As discussed, the *Prieur* evidence was also admissible to establish intent. While Defendant argues that intent is not a contested issue, the Louisiana Supreme Court has recognized that " 'where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed.' " *Taylor*, 16-1124, p. 16, 217 So.3d at 294-95 (internal quotation omitted). The offense of second degree aggravated battery consists of four elements: 1) the intentional use of force or violence upon the person of another, 2) using a dangerous weapon, 3) without the consent of the victim, 4) when the offender has the specific intent to inflict serious bodily injury. La. R.S. 14:34.7 Thus, "specific criminal intent" is required to commit the crime. *State v. Harris*, 17-303, p. 6 (La. App. 5 Cir. 12/20/17), 235 So.3d 1354, 1362, *writ denied*, 18-0160 (La. 6/15/18), 257 So.3d 675 (citation omitted). As such, "the state still has the burden of proving specific intent, an essential element of the crime charged, and the jury will be specifically instructed in this regard prior to deliberations." *Taylor*, 16-1124, p. 17, 217 So.3d at 295.

In *State v. Blank*, 04-0204, p. 45 (La. 4/11/07), 955 So.2d 90, 127, the Louisiana Supreme Court upheld the introduction of five other capital murders and two attempted murders, to which the defendant had confessed and been convicted, in his capital trial for the murder of another victim. The Court found that the prior crimes were similar and specific intent was placed at issue through Defendant's self-defense claim. *Blank*, 04-0204, pp. 42-43, 955 So.2d at 125. All of the crimes

6

involved home invasions in which the defendant stole cash from elderly victims, who encountered the defendant committing the burglaries. *Blank*, 04-0204, p. 42, 955 So.2d at 125.

On appeal, the defendant argued that the evidence of the other murders should not have been admitted, in part, because he did not present any evidence or argue during the trial that he lacked specific intent to kill the victim. *Blank*, 04-0204, p. 42, 955 So.2d at 125. The Court rejected the defendant's argument, noting that the State had the burden of proving every element of the offense, including specific intent, and "because the defendant maintained that he acted in self-defense in his confession, the state was entitled to present evidence to the contrary in support of its case." *Id*. In reaching its decision, the Court made an analogy to a situation in which a defendant on trial for murdering a child claims the death was accidental; evidence of physical abuse of other children was admissible to show the improbability of multiple accidents. *Blank*, 04-0204, pp. 42-43, 955 So.2d at 125 (citation omitted).

Similarly, in this case, Defendant claims she acted in defense of her family. She also argues that she is not challenging specific intent. Nevertheless, evidence of Defendant's prior similar crimes, when in apparent fits of rage she lashed out at her victims, was admissible to refute her defense and establish her specific criminal intent to inflict serious bodily injury. Accordingly, the trial court did not abuse its discretion in admitting the *Prieur* evidence.

Turning to the presentation issue, Defendant complains that the trial court erred in allowing the *Prieur* evidence to be admitted through inadmissible hearsay testimony. Specifically, Defendant complains that Officers Mason Suell, Robert Masters, and Reuben Henry, in reporting the facts of her prior three arrests for

7

domestic abuse and/or aggravated battery, implicitly relied on inadmissible hearsay statements of her prior victims.

As already noted, a trial court's ruling on the admissibility of evidence should not be reversed absent an abuse of discretion. *See Randolph, supra*, *State v. Brown*, 97-2260, p. 8 (La. App. 4 Cir. 10/6/99), 746 So.2d 643, 648 (applying the abuse of discretion standard to a district court's ruling on the admissibility of hearsay evidence). Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. La. C.E. art. 801 (C). Hearsay evidence is generally not admissible, unless provided for by the Code of Evidence or other legislation. La. C.E. art. 802. However, there are exceptions to the general hearsay prohibition. For instance, as explained in *Randolph,* 16-0892, p. 11, 219 So.3d at 433 (quoting *State v. Legendre*, 05-1469, p. 11 (La. App. 4 Cir. 9/27/06), 942 So.2d 45, 52-53 (internal citations omitted)), "[t]he testimony of a police officer may encompass information provided by another individual without constituting hearsay, if it is offered to explain the course of the police investigation and the steps leading to the defendant's arrest."

In the case at hand, the testimony of Officers Suell, Masters, and Henry was provided to explain the course of their respective police investigations and the steps leading to Defendant's arrests. In fact, as noted in the trial court's *per curiam*:

> [B]efore these officers took the stand to testify, this [c]ourt in a pre-trial ruling explicitly made it clear to both defense counsel and the State of Louisiana that the officers were to only testify as to what was discovered during the course and scope of their investigation[s] ….
> Each and every time an officer began to testify as to what a non-testifying witness told them, the defense objected and this Court

8

sustained these objections, as this specific hearsay material did not fall within the hearsay exception.[5]

Adherence to the trial court's pre-trial ruling is apparent in the testimony of Officer Masters. Whenever the officer's testimony regarding what a victim had told him about Defendant's actions was mentioned, defense counsel properly objected and the trial court sustained the objection. When the question was re-phrased to elicit information as to what the officer learned during the investigation, the trial court allowed the answer.

A review of the trial transcript clearly reflects that testimony regarding Defendant's actions which led to three separate charges of aggravated battery were elicited via questioning as to the course and scope of the officers' investigations into her actions. This testimony falls under a clear exception to the hearsay prohibition and was properly admitted into evidence. Thus, the trial court did not abuse its discretion when admitting the evidence at trial.

Moreover, even if the district court erred, admission of hearsay is subject to a harmless error analysis. *Randolph,* 16-0892, p. 12, 219 So.3d at 434 (citation omitted). On review, factors to consider include the importance of the witness' testimony, whether the testimony was cumulative, the presence or absence of corroborating evidence, the extent of cross-examination permitted, and overall strength of the state's case. *Id.* In the case *sub judice*, Officer Kevin Bell testified that Defendant was the same person who pled guilty to domestic abuse battery and two separate incidents of aggravated battery using a knife and, later, a glass bottle.[6] Along with Officer Bell's testimony, the certified conviction packets from

---

[5] The trial court issued its *per curiam* in response to appellant's oral motion for a mistrial.

[6] Notably, Defendant did not raise any error concerning the admission of the testimony of Officer Kevin Bell at trial.

9

Defendant's three prior convictions were admitted into evidence without objection. Thus, substantially similar and uncontested evidence came in through another witness. Under these circumstances, any perceived error that occurred by the admission of inadmissible hearsay evidence was cumulative and, therefore, harmless. For these reasons, we do not find any reversible error with respect to the admission or presentation of the *Prieur* evidence at trial.

## JURY INSTRUCTIONS

Next, Defendant argues that the trial court erred in denying her request for special jury charges. She urges that the jury should have been instructed that the State bears the burden of proving that the offense was not committed in defense of others.

In this case, Defendant filed a motion for special jury instructions. The record reflects that the trial court granted the request as modified in its instructions. During the jury charge conference, the trial court granted Defendant's request for special jury instructions relative to self-defense; however, it modified the requested charges to exclude any specific instruction delineating who bears the burden in proving self-defense at trial. The State objected, stating it believed that the jury should be charged that Defendant bears the burden of proof when claiming self-defense. The trial court deferred its ruling on the issue, reviewed the remainder of the instructions for objections and took a brief recess.

After returning from recess, the trial judge ruled that it would not include an instruction concerning the burden of proof. It specifically stated: "I went through this again for the second and third time and it doesn't appear that there's any specific burden of proof that I need to discuss with the jury in regards to justification defenses in non-homicide cases." Neither the State nor Defendant

10

objected to the ruling. Further, as the jury was being summoned, the trial court asked once more if there were "any other objections to the court's jury instructions as written." The State responded "no" and Defendant remained silent.

Since Defendant did not object to the trial court's jury instructions, she cannot raise this issue on appeal. La. C.Cr.P. art. 801 precludes a party from assigning as error a failure to give a specific jury instruction unless the party objects to the error "before the jury retires or within such time as the court may reasonably cure the alleged error." *See also*, *State v. Flores*, 52,639, p. 12 (La. App. 2 Cir. 4/10/19), 268 So.3d 1199, 1207, *reh'g denied* (5/16/19) (unless there have been fundamentally erroneous misstatements of the essential elements of the charged offense, a Defendant may not raise the trial court's failure to give a jury charge as error without objecting before the jury retires).

In the instant case, the defendant did not object to the exclusion of the special charge during the charging conference, before instructions were read to the jury, nor following the jury instructions, not even when the trial court noted particularly that it was not including any specific instruction on the burden of proof for justification defenses in non-homicide cases. Moreover, the trial court's jury charges on the burden of proof and self-defense were fundamentally fair. Accordingly, this assignment of error has not been preserved for appellate review.

**JURY VERDICT**

Finally, Defendant argues that the trial court erred in denying her motion for a twelve-person jury, raising two arguments. She contends her potential life sentence as a habitual offender requires a twelve-person jury. She further challenges the constitutionality of convictions with less than twelve jurors.

11

Both the Louisiana Constitution art. 1 § 17 and La. C.Cr.P. 782(A) provide, in pertinent part: "A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict." Under La. R.S. 14:34.7, the punishment for the offense for which Defendant was charged, aggravated second degree battery, is confinement with or without hard labor for not more than fifteen years. Because the sentence calls for confinement with or without hard labor for a period greater than six months, Defendant's right to a jury trial on the charge of aggravated second degree battery is confined to a six-person jury.

First, Defendant contends that because her potential adjudication as a multiple offender could result in a life sentence, a guilty verdict should require unanimity among twelve jurors rather than six jurors. However, this Court has repeatedly rejected identical claims. *See e.g. State v. Juengain*, 09-0425 pp. 7-8 (La. App. 4 Cir. 1/20/10), 41 So.3d 499, 504-05; and *State v. Collins*, 588 So.2d 766, 769 (La. App. 4 Cir. 1991) (both holding that a potential finding of multiple offender status and the sentence enhancement that may follow is not determinative of the size of the jury required under La. C.Cr.P. 782(A) in a trial for an underlying offense).

Next, while convictions by juries composed of less than twelve persons may be constitutionally questionable by today's standards, we are bound by the long established holding in *Williams v. Florida*, which declared that a defendant's "Sixth Amendment rights, as applied to the States through the Fourteenth Amendment, [are] not violated by [a state's] decision to provide a six-man rather than a 12-man jury." 399 U.S. 78, 103, 90 S.Ct. 1893, 1907 (1970). For these

12

reasons, until otherwise directed, we cannot say that the trial court erred in denying Defendant's motion for a twelve-person jury.

## **CONCLUSION**

Given that there was no reversible error in the admission of evidence, the jury instructions or verdict, Defendant's convictions are affirmed.

**AFFIRMED**